UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| WILLIAM E. SCOTT, III ) | |
| ) | |
| v. ) | NO. 2:05-CV-119 |
| ) | |
| JO ANNE B. BARNHARDT, ) | |
| Commissioner of Social Security ) | |

## MEMORANDUM OPINION

The plaintiff William E. Scott, III, has filed a motion for a judgment on the pleadings on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for supplemental security income and disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Mr. Scott was born in 1970 and was 33 years old at the time of his administrative hearing. [Tr. 56, 316]. He completed his Graduate Equivalency Development [GED] diploma and has relevant past work experience as a doffer, floater, packer, furniture mover, correctional officer, cook, and auto body worker. [Tr. 17]. Mr. Scott alleges he is disabled as of February 15, 2001, from chest pain, fatigue, high blood pressure, arthritis, tendinitis, back and hip pain, osteoarthritis in both knees, carpal tunnel syndrome in both hands, asthma, and depression. [Tr. 17].

Based upon a finding that his severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Mr. Scott was not disabled as defined by the Social Security Act. [Tr. 21].

At Mr. Scott's administrative hearing held on February 17, 2004, the testimony of Mr. Scott and vocational expert Cathy Sanders was received into evidence. [Tr. 316-34]. Mr. Scott testified that he drove a lot because his wife has breast cancer and he has to take her frequently back and forth to the doctor. [Tr. 317]. Mr. Scott mainly worked moving furniture for the past 15 years, but he stopped working in March 2001 because he was no longer able to get out of bed because of joint, hip, leg, and knee pain. [Tr. 317-18]. Mr. Scott also experiences shortness of breath. [Tr. 320]. He smokes between two-and-a-half to three packs of cigarettes a day. [*Id.*]. Mr. Scott stopped going to church because he could no longer be in a room with strangers. [Tr. 321].

Vocational expert Cathy Sanders testified next that Mr. Scott's past relevant work as a doffer, floater, packer, and cook was medium and unskilled; his work as a furniture mover was heavy and unskilled; his work as a correctional officer was heavy and skilled; and his work at an auto body shop was medium and skilled. [Tr. 333]. The ALJ then asked her to assume a man of Mr. Scott's age, education, and work background who was restricted to simple, unskilled, and light work activity

2

(lifting/carrying no more than 20 pounds occasionally and 10 pounds frequently) that allowed for frequent postural changes. [*Id.*]. According to the vocational expert, such a person could work as an information clerk, unarmed gate guard, and a parking lot attendant. [Tr. 334]. If such a person also could not work in an environment that would expose him to excessive dust, fumes, chemicals, or temperature extremes, he could only work as an information clerk. [*Id.*]. According to the ALJ, that limitation would lead to an insignificant number of jobs. [*Id.*].

The ALJ ruled that Mr. Scott was not disabled because his severe impairments of chronic back and hip pain, chronic knee pain, obesity, high blood pressure, depression, and anxiety were not severe enough for a finding of disability. [Tr. 21]. The ALJ then found Mr. Jones retained the residual functional capacity [RFC] to perform simple, unskilled light work that does not involve squatting or bending or exposure to cold temperatures. [*Id.*]. With those limitations, Mr. Jones could perform work that exists in significant numbers in the national economy. [Tr. 23].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not

3

Case 2:05-cv-00119   Document 22   Filed 02/01/06   Page 3 of 6   PageID #: 3

subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Scott requests a judgment on the pleadings and challenges the ALJ's determination that his allegations of pain and other limiting symptoms were not "completely credible." [Tr. 22]. The ALJ noted that Mr. Scott's symptoms would improve if he lost weight. [*Id.*]. Similarly, his asthma would improve if he stopped smoking cigarettes. [*Id.*]. In addition, the medical evidence failed to support the extent of Mr. Scott's complaints about his musculoskeletal problems. [*Id.*]. Despite complaints of disabling depression, Mr. Scott did not see a mental health professional and has never been hospitalized for mental health issues. [*Id.*]. Finally, the ALJ noted that Mr. Scott's daily activities–driving his wife to appointments, doing housework, playing with his children, grocery shopping, and watching television–belied his complaints of disabling pain. [*Id.*]. Based on the foregoing, the ALJ's credibility determination was made with substantial evidence. Ultimately, however, this court will note that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

Mr. Scott next argues that the ALJ failed to consider his impairments in combination. Impairments have been considered in combination when the ALJ refers to them in the plural (i.e., impairments), focuses the claimant's RFC on more than one impairment, and asks a hypothetical question that encompasses the impairments. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The ALJ referred to Mr. Scott's impairments at least two times in his decision. [Tr. 21, 22]. The ALJ focused the RFC on his chronic back and hip pain, chronic knee pain, high blood pressure, depression, and anxiety. [Tr. 21, 22]. Finally, the hypothetical questions the ALJ asked the vocational expert also focused on Mr. Scott's chronic back and hip pain, chronic knee pain, high blood pressure, depression, and anxiety. [Tr. 23, 333]. Based on the Sixth Circuit framework, the ALJ considered Mr. Scott's impairments in combination.

Finally, Mr. Scott argues the ALJ erred in his finding that he retained the RFC to perform a significant range of light work. The ALJ found that Mr. Scott could perform simple, unskilled light work that does not involve squatting or bending or exposure to cold temperatures. [Tr. 21]. This finding was supported by substantial medical evidence. For example, in May 2003, D. Abraham, Ph.D., evaluated Mr. Scott in connection with his application for benefits and found that he had the sustained ability to understand, remember, and execute some detailed instructions in

5

a work-related setting. [Tr. 183]. Also in May 2003, Kathy Jo Miller, M.Ed., evaluated Mr. Scott and opined that he related well to others, communicated in a coherent manner, and his ability to understand and remember was not significantly limited. [Tr. 186-87]. Mr. Scott did have a panic disorder, however, that, if left untreated, could present problems with social interaction, adaptation, and the ability to sustain concentration and persistence. [Tr. 187]. Again in May 2003, James Moore, M.D., found Mr. Scott could occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, and sit/stand/walk for about six hours in an eight-hour workday. [Tr. 193]. Based on the above medical evidence, the ALJ's finding that Mr. Scott could perform a limited range of light work was made with substantial evidence.

After careful consideration of the entire record of proceedings related to this case, Mr. Scott's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

    ENTER:

    s/Thomas Gray Hull
    THOMAS GRAY HULL
    SENIOR U. S. DISTRICT JUDGE